[Civ. No. 3805. Fourth Dist. Jan. 8, 1948.]

FRANK M. SABATHE et al., Respondents, v. JESSIE GALE, Appellant.

Ben F. Griffith for Appellant.

Emmett A. Tompkins for Respondents.

BARNARD, P. J.—This is an action to determine the common boundary between two lode mining claims in Riverside County.

On November 20, 1934, the plaintiffs located the "Southern Cross No. 4" mining claim on unsurveyed government land. It extended 1,500 feet northerly and southerly and 600 feet in width, being 300 feet on each side of the lode line containing the point of discovery. On December 15, 1934, the plaintiffs also located the "Lone Star" mining claim, adjoining the Southern Cross claim on the east. This claim also extended 1,500 feet northerly and southerly and 600 feet in width, being 300 feet on each side of the lode line containing the point of discovery. Thus, the east side line of the Southern Cross claim was identical with the west side of

the Lone Star claim, and the two points of discovery were approximately 600 feet apart. Both claims were legally claimed and monumented, and location notices were recorded and were posted in monuments at the respective points of discovery.

On April 9, 1935, the plaintiffs sold the Lone Star claim on contract to the defendant. While this deal was being made the defendant noticed a certain "open cut" near the dividing line between the two claims. She inquired whether this cut was on her claim and was told that it was. A year or two later, it was discovered that this cut was actually on the Southern Cross claim. The plaintiffs then voluntarily moved the dividing line between the two claims 53 feet westerly and marked the new dividing line with a row of monuments and stakes with notices attached, thus giving the defendant an additional 53 feet in order to make good their statement that this cut was upon her claim.

On January 31, 1945, the defendant, with her son and others, and the plaintiff Sabathe, went to the claims together. They found that the original notice for the location of the Lone Star claim was then in a monument at the "open cut" near the boundary between the two claims and Sabathe discovered that the original monument, discovery hole and notice for the Lone Star claim had been removed and destroyed. Sabathe told them that the place where the notice was then found, at the "open cut" near the boundary line, was not the place of discovery, but the defendant and her son insisted that it was and, over his protest, posted an amended notice of location at that point. On March 6, 1945, the defendant and her son, with a surveyor, returned to the claims and posted a second amended location notice at the "open cut" and had the surveyor survey a claim, using that point as the center and setting stakes for new corners with the result that the Lone Star claim, as claimed under the amended location notice, was moved 300 feet westerly, taking in 247 feet of the Southern Cross claim in addition to the 53 feet which had already been given to the defendant. It is this 247 feet which is in controversy here.

At some time after 1935, the defendant had also purchased a one-fourth interest in the Southern Cross claim, which she still owns. The defendant applied for a patent on the Lone Star claim in accordance with the survey which was thus made. The plaintiff Sabathe visited the claim and found the

second amended location notice with the plat and notice of application for patent posted at the "open cut" near the boundary between the two claims and he then restored the monument at its original place on the Lone Star claim, approximately 600 feet east of the point of discovery on the Southern Cross claim, and placed a copy of the original location notice therein. He then filed an adverse claim in the United States Land Office and brought this action for the purpose of determining the true boundary between the two claims.

The trial court filed a memorandum decision holding that the point of beginning for finding the boundary of the Southern Cross claim would be at the discovery monument on that claim, a point which was thoroughly established in the evidence, and that the east line of that claim would be the west line of the Lone Star claim, as determined by measurements from this well-established point of beginning. Findings were accordingly made in favor of the plaintiffs and a judgment entered decreeing that the two amended location notices filed by the defendant and her survey and application for patent were unfounded and void, insofar as the 247 feet here in question is concerned, and that if the defendant acquired any right, title or interest through the filing of her amended location notices she acquired the same as trustee for the plaintiffs insofar as the 247 feet is concerned. From this judgment the defendant has appealed.

The appellant contends that certain of the findings are not supported by substantial evidence and are uncertain and conflicting; that some of the conclusions of law are erroneous for the same reasons; that the judgment is uncertain and contains conflicting provisions; and that the court failed to find upon several matters which are claimed to be material.

It is unnecessary to consider, in detail, the many points raised by the appellant. They are all based upon the contention that there was a "new discovery place" at the "open cut" near the boundary between the two claims which should be taken as the discovery point of the Lone Star claim, from which the 300 feet each way should be measured; that the court has failed to find and indicate the precise point of discovery on each of these claims; and that the evidence is insufficient to support the material findings made and the judgment based thereon. In making her argument appellant ignores the evidence which is unfavorable to her and relies

on the so-called "new discovery place" when this has no immediate relation to the problem here presented. While a new discovery was later made at the "open cut" near the boundary line between the two claims no relocation or amended location was made, and this was never used, except as the appellant attempted it, as a discovery place for locating the claim which had long before been located by use of a discovery point some 300 feet easterly from the "open cut," and which had been maintained as such for many years until the monument was destroyed and the notice removed, apparently by the appellant or her agents.

The evidence is overwhelming that the discovery point on the Southern Cross claim was clearly marked on the ground and that it was at the point where the court found and held it to be. That fact alone clearly establishes that the boundary line in question is approximately 300 feet easterly from that point, which entirely destroys all of the appellant's contentions. There is also substantial evidence to establish the location of the original discovery point of the Lone Star claim, and that this was approximately 600 feet easterly from the discovery point on the Southern Cross claim. Assuming that there was some conflict in the evidence with respect to this latter location, it hardly seems possible that the trial court could have taken a contrary view of that evidence in the light of two other undisputed facts. The respondent Sabathe was a miner of many years' experience in this locality. Twenty-five days after he located the Southern Cross claim he located the Lone Star claim immediately to the east thereof, and with the same dimensions. Having just located the Southern Cross claim it seems incredible that he would use a point of discovery as the center line of the new claim which would give him less than the 600 feet to which he was entitled, or that he would take a new point of discovery on the boundary line between the two claims, thus losing one-half of the new claim he was attempting to make. The evidence to the contrary is not contradicted. Moreover, when the appellant was purchasing the Lone Star claim she was shown the boundaries of that claim by the respondent Sabathe; she was also familiar with the Southern Cross claim; she noticed the vein appearing in the "open cut" near the boundary between the two claims; she was particularly interested in that vein; and she was very careful to ascertain whether or not that "open cut" was within the boundaries of the claim she was buying or whether it was over the line on the Southern Cross claim. It seems un-

believable that she would have had any doubt about this matter, or have felt it necessary to require assurance in this regard, if this point had been at the center of the claim she was buying instead of at or near its edge. There is ample evidence to sustain the court's findings and conclusions, and there is no evidence which would have sustained a finding that the original discovery point on the Lone Star claim was at the place now claimed by the appellant and used by her in her amended location notices and application for a patent.

There is no uncertainty or indefiniteness in the judgment with respect to the location of the original discovery point on the Southern Cross claim which controls the rights to the lands here in dispute, and from which the true boundary between the two claims is readily ascertainable. There is no conflict between the material facts found. There is one mistake in the findings as to a certain distance, but this is immaterial here and in no way interferes with the definite and conclusive manner in which the starting point for the measurements necessary to determine the boundaries of the Southern Cross claim is established. The boundary line between these two claims is clearly established by the findings and judgment, and the record indicates that the trial court could not reasonably have come to any other decision.

The appellant further argues that the court should have granted her motion for a new trial and that the court erred in failing to grant her motion, made under section 662 of the Code of Civil Procedure, for the appointment of a mining engineer to advise the court with respect to existing physical facts and conditions. The new evidence suggested on the motion for a new trial was not controlling, would have merely added to the existing conflict, and the entire matter was well within the discretion of the trial court. The appointment of a mining engineer for the purpose suggested was also within the discretion of the trial court and the record discloses ample reasons why the court did not consider any such assistance necessary. The appellant purchased one of two adjoining claims with full information as to their location and boundaries and nothing appears in the record to justify her attempt, 10 years later, to take her half out of the middle of the combined properties. Even her own pleadings, and much of her own evidence, are opposed to such a result. The appeal is without merit insofar as anything material is concerned.

It clearly appears that the appeal was taken in proper time, and it is unnecessary to consider the appellant's application for the production of additional evidence relating to that matter.

The judgment is affirmed.

Marks, J., and Griffin, J., concurred.

A petition for a rehearing was denied January 29, 1948.